RHODA FORBUSH *versus* CALVIN WILLARD.

Personal estate and an equity of redemption having been attached in a suit against the owner, he assigned the equity of redemption ; after which it was attached in another suit against him. The personal property was sold on mesne process. Judgments were recovered by the plaintiffs in both suits, and the executions delivered in due season to the officer. It was *held,* that he was bound to apply the proceeds of the personal property to the execution in the first suit, in relief of the assignee of the equity of redemption.

Where a woman conveyed her land to a man in contemplation of a marriage between them, and without any other consideration, and the marriage took place but was void in consequence of his having a wife living, it was *held* that there was a failure of the consideration, and that a reconveyance merely for the purpose of restitution, was founded on a sufficient consideration as against creditors.

ON a case stated it appeared, that the plaintiff, in contemplation of a marriage between herself and William Hodgdon, and without any pecuniary consideration, on January 8, 1831, by her deed duly recorded on that day, conveyed to Hodgdon her real estate, the same being subject to a mortgage. In April she intermarried with Hodgdon. In June one Wheeler, a deputy of the defendant, the sheriff of this county, attached on three writs against Hodgdon, the right in equity to redeem the real estate above mentioned, and likewise personal property of Hodgdon. The marriage was void, by reason of Hodgdon's having then a lawful wife living in Maine, and this fact coming to the knowledge of the plaintiff, and not being denied by Hodgdon, he, on the 8th of August, by his deed recorded on that day, reconveyed to the plaintiff all his right

and title to the real estate previously conveyed by her to him. No pecuniary consideration was paid by her, but the inducement of Hodgdon in making the reconveyance, was, to prevent, so far as should be practicable, her sustaining loss by having her real estate applied in satisfaction of his debts. Subsequently to the reconveyance Wheeler attached the equity of redemption on two more writs against Hodgdon. Judgments were recovered against Hodgdon in the five suits, and the executions were delivered to Wheeler within thirty days after the rendition of the judgments. The personal property attached on the three first writs was sold on mesne process. The equity of redemption was in due time seized and sold by Wheeler on one of the executions in the three first suits, and a part of the proceeds, together with certain land of Hodgdon, was applied in satisfaction of those executions, and the balance, together with a part of the proceeds of the personal estate sold on mesne process, was applied to satisfy the other two executions. A few minutes after the sale of the equity of redemption, and before the officer had given a deed to the purchaser the plaintiff gave to the officer and to the purchaser, written notice of her title, and demanded that the proceeds of the personal property sold on mesne process should be applied to the executions in the three first suits.

This action was brought to recover a part of the proceeds of the equity of redemption, on the ground that it had been misapplied by the officer.

*Washburn* and *Harrington,* for the plaintiff, cited *Clark* v. *Austin,* 2 Pick. 528; *Bacon* v. *Leonard,* 4 Pick. 277; *Worcester* v. *Eaton,* 13 Mass. R. 371.

*Peters,* for the defendant, cited *Clark* v. *Goodwin,* 14 Mass. R. 238; *Lyman* v. *Lyman,* 11 Mass. R. 317; *Herring* v. *Polley,* 8 Mass. R. 120.

*Per Curiam.* Apparently a gross fraud was practised on the plaintiff by Hodgdon, and she might have set aside her conveyance to him and have reclaimed the whole of her property. She however does not contest the validity of her deed, but only claims so much as she may be entitled to by virtue of the reconveyance. The defendant objects that the reconveyance was without consideration; but the considera-

Forbush
*v.*
Willard.

Oct. 6th.

Oct. 7th

tion of the plaintiff's deed having failed, Hodgdon was under an obligation to reconvey, and there was therefore a sufficient cons'deration for his deed.   No evidence has been produced tending to show any fraud in the reconveyance, and we are satisfied that it was valid, and that the plaintiff is entitled to recover some part of the proceeds of the equity of redemption.   And the officer having sold on mesne process the personal property attached on the three first writs, and having received notice of the ownership of the equity of redemption, we think that he was bound to apply the proceeds of such personal property to the three first executions ; and that the plaintiff is entitled to recover so much of the proceeds of the equity of redemption as was not necessary (in addition to the land and personal estate) to satisfy the three first executions.

*Defendant defaulted*